IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD LEE ALEXANDER, TDCJ-CID NO. 830441, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-2454 |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Ronald Lee Alexander, a TDCJ-CID inmate, has filed a pleading entitled "Petition for a Writ of Coram Nobis" in which he seeks to challenge his state court conviction for capital murder. After reviewing Alexander's petition and his prior litigation history relating to the murder conviction, the court has determined that the petition should be dismissed.

## I.  Procedural History and Alexander's Claims

After finding Alexander guilty of raping a woman and then beating her to death with a car jack handle, a jury in Harris County, Texas, sentenced him to life imprisonment. Alexander v. State, No. 01-98-00505-CR, 1999 WL 959235 (Tex. App. -- Houston [1st Dist.] Oct. 21, 1999). After his direct appeal was affirmed, Alexander filed a motion for an extension of time to file

a petition for discretionary review (PDR), which was granted by the Texas Court of Criminal Appeals. See Texas First Court of Appeals Website, http://www.1stcoa.courts.state.tx.us/. However, no PDR was filed. Id. See Alexander v. Cockrell, No. H-01-564 (S.D. Tex. Sept. 9, 2002).

Alexander later filed an application for a writ of habeas corpus challenging the conviction pursuant to Article 11.07 of the Texas Code of Criminal Procedure. Ex parte Alexander, No. 12,025-2. On January 10, 2001, the Court of Criminal Appeals denied the habeas application, without a written order, on findings of the trial court. Id. See Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us/. Alexander subsequently filed two additional state habeas applications, which were dismissed as successive under Article 11.07 § 4. Id., Ex parte Alexander, Nos. 12,025-3; 12,025-5. He also filed two petitions for mandamus, which the Court of Criminal Appeals denied without written order. Id., Nos. 12,025-4; 12,025-6.

Alexander filed a federal petition for a writ of habeas corpus seeking relief under 28 U.S.C. § 2254, which this court dismissed, with prejudice, after granting the respondent's motion for summary judgment. Alexander v. Cockrell, No. H-01-0564 (S.D. Tex. Sept. 6, 2002). The United States Court of Appeals for the Fifth Circuit subsequently denied Alexander's request for a certificate of appealability. Alexander v. Cockrell, No. 02-21047 (5th Cir. Mar. 6, 2003). Alexander filed an application for a writ of

mandamus regarding a witness who testified against him at his murder trial. The court denied the application noting that Alexander had already had an opportunity to challenge his conviction in federal court. Alexander v. Dretke, No. H-01-02874 (S.D. Tex. Oct. 28, 2003). Alexander also filed a second federal habeas petition, which was dismissed as successive pursuant to 28 U.S.C. § 2244(b). Alexander v. Dretke, No. H-03-4389 (S.D. Tex. Oct. 24, 2003).

In the current action Alexander again challenges the validity of the capital murder judgment and alleges that he is actually innocent of the crime. He also alleges a Brady violation, prosecutorial misconduct, denial of due process, and ineffective assistance of counsel.

## II. __Analysis__

Coram nobis, which means "our court," is a common law writ of error by which the petitioner seeks to have a court review its own judgment based upon alleged errors of fact. BLACK'S LAW DICTIONARY (2009). A writ of error coram nobis is available in the federal courts pursuant to the All Writs Act, 28 U.S.C. § 1651(a). See United States v. Morgan, 74 S.Ct. 247 (1954). It is an extra-ordinary remedy used by petitioners who are no longer in custody who seek to vacate criminal convictions in circumstances where the petitioners can show that they are subject to civil disabilities as a consequence of the criminal convictions, and that the challenged

-3-

error is of sufficient magnitude to justify the extraordinary relief. Jimenez v. Trominski, 91 F.3d 767, 768 (5th Cir. 1996). See also United States v. Dyer, 136 F.3d 417, 422 (5th Cir. 1998). The writ has been used as an avenue of collateral attack on a federal conviction when the petitioner has completed his sentence and is no longer "in custody" for purposes of seeking relief under the federal habeas corpus statutes. See Dyer, 136 F.3d at 422; see also Owens v. Boyd, 235 F.3d 356, 360 (7th Cir. 2000) ("writs in the nature of coram nobis are limited to *former* prisoners who seek to escape the collateral civil consequences of wrongful conviction"), citing United States v. Morgan, 74 S.Ct. 247 (1954). The remedy is not available to prisoners who are still in custody. United States v. Reed, 378 Fed.Appx. 434, 435, 2010 WL 1948366, *1 (5th Cir. 2010), citing Dyer.

As noted above, Alexander has previously filed two federal habeas petitions, the second of which was dismissed as successive under 28 U.S.C. § 2244(b). Section 2244(b) requires a habeas petitioner, such as Alexander, to file an application with the United States Court of Appeals for the Fifth Circuit for an order authorizing the district court to consider a successive petition for writ of habeas corpus. See, e.g., In re West, 119 F.3d 295, 296 (5th Cir. 1997). The primary purpose of this requirement is to prevent the petitioner from repeatedly attacking his conviction or sentence. See In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). If prior approval from the Court of Appeals has not been obtained, the

-4-

district court must dismiss the successive habeas petition for lack of jurisdiction.  28 U.S.C. § 2244(b)(3)(A); <u>Williams v. Thaler</u>, 602 F.3d 291, 305 (5th Cir. 2010); <u>United States v. Rich</u>, 141 F.3d 550, 551 (5th Cir. 1998).

Alexander has cloaked his latest pleading with the title "Petition for Writ of Coram Nobis" in an apparent attempt to avoid section 2244(b)'s bar against successive writs.  <u>See</u>, <u>e.g.</u>, <u>Owens</u>, 235 F.3d at 360 (petitioner labeled habeas pleading as a petition for writ of coram nobis in order to avoid the time limitations bar under § 2244(d)(1)).  He may not use this gambit to escape statutory restrictions.  <u>Id.</u>  The court will therefore dismiss Alexander's petition.

### III.  <u>Conclusion</u>

The court **ORDERS** the following:

1.  The Application to Proceed In District Court Without Prepaying Fees or Costs (Docket Entry No. 2) is **GRANTED**.

2.  The Petition for Writ of Error Coram Nobis (Docket Entry No. 1) filed by a person in state custody is **DENIED**.

3.  A Certificate of Appealability is **DENIED** for the reasons stated in this Memorandum Opinion and Order.  <u>See</u> 28 U.S.C. § 2253(c)(1)(A).

**SIGNED** at Houston, Texas, on this the 7th day of July, 2011.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-5-